UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CERVANTES,<br><br>          Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC.; and DOES 1 through 25,<br><br>          Defendants. | Case No.: 20-cv-01430-AJB-WVG<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE EXCESS PAGES (Doc. No. 45.)** |

  Presently pending before the Court is Plaintiff William Cervantes' ("Plaintiff") *ex parte* application for leave to file a motion in limine in excess of the Court's Civil Procedure Rule VI(B) page limitation. (Doc. No. 45.) Defendant Transdev Services, Inc.'s ("Transdev") filed an opposition in response. (Doc. No. 46.) For the reasons set forth below, the Court **DENIES** Plaintiff's *ex parte* motion.

  Civil Case Procedure Rule VI(B)(1) of the Honorable Anthony J. Battaglia, U.S. District Judge, provides "[e]ach side is allowed a maximum of five (5) motions in limine" and "[e]ach motion and each opposition are limited to five (5) pages in length." Given the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Judge Battaglia's Civil Case Procedures appears to be at the full discretion of the Court. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (noting "judges exercise substantial discretion over what happens inside the

1  courtroom"). In this Court's December 17, 2021 Scheduling Order, the Court increased the
2  page limit for each motion in limine and each opposition to 10 pages. (Doc. No. 41 at 2.)

3       Here, Plaintiff requests leave to file a 25-page motion—15 pages over the page limit
4  imposed by the December 2021 Scheduling Order. (Doc. No. 41 at 2.) Plaintiff asserts that
5  while he attempted to stay within the page limit, the excess pages are necessary for Plaintiff
6  to adequately argue his motion due to the amount of testimony provided by Transdev. (*Id.*)
7  Transdev argues in response that Plaintiff fails to provide good cause for requesting an
8  extension of the page limit. (Doc. No. 46 at 2.) The Court agrees with Transdev.

9       Through this Court's December 2021 Scheduling Order, Plaintiff was put on notice
10  of both the February 28, 2022 filing deadline and page limits for all motions in limine.
11  (Doc. No. 41 at 1–2.) Waiting until the eleventh hour, Plaintiff filed the instant *ex parte*
12  application six days before the motions in limine filing deadline. Moreover, exceeding the
13  10-page limit imposed by the December 2021 Scheduling Order is excessive, and Plaintiff
14  fails to justify the need to exceed the page limit. Therefore, the Court will not exercise its
15  discretion to grant Plaintiff leave to file excess pages.

16       Counsel are also reminded that "Motions in limine must be limited in scope to
17  evidentiary issues where attempts to 'unring the bell' would be unduly prejudicial or futile.
18  Motions for judgment on the pleadings, summary judgment or summary adjudication,
19  *Daubert*, leave to amend or bifurcation are not in limine motions within the scope of this
20  order." (*Id.* at 2.) The Court narrowly construes this restriction.

21       **IT IS SO ORDERED.**
22  Dated: February 25, 2022

                                              Hon. Anthony J. Battaglia
                                              United States District Judge